IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEOFFRY BRADLEY and JUNE BRADLEY,<br><br>    Plaintiffs,<br><br>v.<br><br>CENTURY INDEMNITY COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:14-CV-361 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

The Defendant has moved for partial summary judgment, arguing that the Plaintiffs' claims for declaratory relief, punitive damages, conversion, and attorney's fees fail as a matter of law. (Doc. 35).

It appears that the Plaintiffs' claim for declaratory relief is subsumed by their breach of contract claim; however, the Court cannot say at this stage that it fails as a matter of law. The Court will revisit the issue at the pretrial conference.

The Plaintiffs acknowledge that they cannot maintain a conversion claim and that punitive damages are not available for their breach of contract claim. (Doc. 37-2 at 7). They argue, however, that they sufficiently pled the elements of an intentional infliction of emotional distress claim in their complaint, "despite the fact that it does not expressly state the same." (Doc. 37-2 at 8). The Plaintiffs did not allege all of the elements of this claim in their complaint, including that they suffered severe emotional distress—a critical

element for purposes of discovery.  Accordingly, the Plaintiffs' claims for conversion and punitive damages fail as a matter of law.

Finally, the Defendant argues that the Plaintiffs cannot bring a claim for attorney's fees pursuant to O.C.G.A. § 13-6-11 because they did not specifically plead the statute.  (Doc. 35-1 at 6-7).  In their complaint, the Plaintiffs allege that they are "entitled to their attorney's fees and expenses for the Defendants' *stubborn litigiousness* in refusing to pay the Plaintiffs their due under the Covenant not to Sue." (Doc. 1 at ¶ 35) (emphasis added).  Because the Plaintiffs "reference … the criteria set forth" in O.C.G.A. § 13-6-11,[1] their claim for attorney's fees does not fail as a matter of law.  *Pipe Sols., Inc. v. Inglis*, 291 Ga. App. 328, 329, 661 S.E.2d 683, 685 (2008) (citation omitted).

The Defendant's motion for partial summary judgment (Doc. 35) is **GRANTED** as to the Plaintiffs' claims for conversion and punitive damages and **DENIED** as to the claims for declaratory relief and attorney's fees.  The Defendant's request for a hearing is **DENIED**.

**SO ORDERED**, this 1st day of April, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] O.C.G.A. § 13-6-11 provides that "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."